IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACSEL HEALTH, LLC<br><br>    Plaintiff,<br><br>v.<br><br>CAMPBELL ALLIANCE GROUP, INC.,<br><br>    Defendant.<br><br>ACSEL HEALTH, LLC.,<br>    Issuer of subpoena,<br><br><br>INVENTIV HEALTH, INC. and<br>MICHAEL BELL,<br>    Non-party Subpoena Recipients<br>    Moving for Motion to Quash. | D. Mass. Misc. Case No: 1:16-cv-10891<br><br>Honorable _____<br><br><br>N.D. Cal. Civil Action No. 4:16-cv-01042 |

**MOTION TO QUASH DEPOSITION SUBPOENA OR,
IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 45(d)(3), non-party inVentiv Health, Inc. and non-party Subpoena Respondent Michael Bell request that the District Court quash the deposition subpoena (the "Subpoena") issued by Acsel Health, LLC in connection with limited jurisdictional discovery that the Court permitted in *Acsel Health, LLC v. Campbell Alliance Group, Inc.*, Case No. 4:16-cv-01042 (the "California Action") or, in the alternative, enter a protective order as requested below.  Pursuant to Rule 45(f), Bell consents to the transfer of this motion to the United States District Court for the Northern District of California for resolution.

**BACKGROUND**

In February 2016, Acsel filed the California Action against Campbell in California state court. Campbell timely removed the action to the District Court for the Northern District of

- 1 -

California. Acsel then filed a motion to remand, asserting that the Court lacked subject matter jurisdiction because there was not complete diversity of citizenship between Acsel and Campbell. On April 11, 2016, the District Court in California ordered the parties (Acsel and Campbell) to conduct "limited jurisdictional discovery" solely to address the question of Campbell's principal place of business. (*See* 4/11/16 Order, Ex. A.)  Specifically, the Court sought additional information relating to the location where *Campbell* directs, controls and coordinates its business activities for purposes of the "nerve center" test the Supreme Court laid out in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). *Id*.

On April 18, 2016, in purported reliance on that order, Acsel issued the Subpoena to Michael Bell. (*See* Subpoena, Ex. B.)  Michael Bell is not an employee of Campbell.  Rather, he is the Chairman and CEO of inVentiv Health, Inc., the parent company of Campbell.  Acsel seeks to depose Mr. Bell on May 19th in Boston, Massachusetts and was scheduled as the second of seven deponents sought by Acsel on the subject of the location of Campbell's principal place of business. Mr. Bell was the only non-party witness and his deposition was scheduled before the deposition of Campbell's acting president, Mike Menta.

Counsel for Campbell in the California Action is representing Mr. Bell and inVentiv in connection with the Subpoena.[1]  On May 3, 2016, counsel for Mr. Bell and inVentiv sent a letter to counsel for Acsel objecting to the Subpoena pursuant to Federal Rule 45(d)(1) as imposing an undue burden because the Subpoena sought information outside the scope of the Court's order given the nature of the limited jurisdictional discovery and the fact that Mr. Bell and inVentiv are not parties to the litigation.  (Ex. D, Declaration of David L. Ter Molen, ¶ 4.)

---

[1] *Pro hac vice* motions in this regard are presently being prepared.

In conformance with Local Rule 7.1, counsel for the Subpoena Recipients subsequently held meet-and-confer discussions with counsel for Acsel on May 6 and again on May 12. (Ex. D, Declaration of David L. Ter Molen, ¶ 5.) During those discussions, Subpoena Recipients repeatedly emphasized to Acsel that Mr. Bell was the CEO of Campbell's *parent* company and that he did not have knowledge about the day-to-day direction, control and coordination of Campbell's that was different from or greater than the knowledge held by Campbell's acting President (Mike Menta) or Campbell's COO (Patrick Manhard). (*Id*.) It was further noted that Mr. Bell's deposition was improper because (i) Acsel had not provided any reason to believe that Mr. Bell possesses first-hand and non-repetitive knowledge regarding Campbell's principal place of business and (ii) Acsel had not taken steps to exhaust other less intrusive discovery methods. (*Id*.) Counsel for Acsel generally did not identify the areas of factual inquiry. (*Id*., ¶ 5.) They did assert that Mr. Bell "might" have knowledge regarding the reason(s) why Mr. Menta was appointed acting President of Campbell and counsel for the Subpoena Recipients responded by stating that this was not relevant to the limited jurisdictional inquiry.

## **ARGUMENT**

Acsel's attempt to depose the Chairman and CEO of Campbell's parent company is improper and unnecessary. To resolve Acsel's motion to remand, the Court ordered "*limited* jurisdictional discovery" that relates "directly" to ascertaining Campbell's principal place of business. (*See* Exhibit A.) Campbell's principal place of business is "the place where the *corporation's* high level officers direct, control and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (emphasis added). This is "normally" a corporation's headquarters," but the test recognizes that there will be "hard cases" in the era of telecommuting,

where some corporations "divide their command and coordinating functions among officers who work at several different locations, perhaps communicating over the Internet." *Id*. at 93, 96.

## I. There Is No Basis For Acsel to Depose Bell to Identify Campbell's Principal Place of Business.

The Subpoena should be quashed because Acsel has not demonstrated that Bell, who is not even an employee of Campbell, possesses any information that would assist the Court presiding over the California Action in identifying Campbell's principal place of business. Campbell is directed and controlled by its own "high-level officers" and Acsel is deposing one of those officers, Mike Menta, on May 26th. There is no basis for Acsel to depose any representative of any company other than Campbell—regardless of the representative's title—in order to gather evidence concerning the location of Campbell's principal place of business.

## II. Acsel Is Not Entitled to a "Apex Deposition" of inVentiv's Chairman and CEO.

Bell's deposition would qualify as an "apex deposition" because Bell is the highest ranking executive of inVentiv. Courts recognize that there is a "tremendous potential for abuse or harassment" with apex depositions, so courts do not hesitate to exercise discretion to preclude or place severe restrictions on such depositions. *Groupion LLC v. Groupon, Inc*., No. 11-cv-870, 2012 WL 359699, at *2 (N.D. Cal. Feb. 2, 2012). When considering whether to permit an apex deposition to proceed, courts look at two factors: (i) whether the deponent possesses unique, first-hand and non-repetitive knowledge of the facts at issue in the case, *and* (ii) whether the party seeking the deposition has exhausted other less intrusive discovery methods. *Id*.

Acsel cannot justify its attempt to depose Mr. Bell against this standard. There is no evidence or information in the record that suggests that Mr. Bell has any first-hand knowledge about the location where Campbell's business activities are directed and controlled. And since Acsel has scheduled Mr. Bell as the *first* in a series of depositions, it is impossible for Acsel to

demonstrate that it exhausted other less intrusive methods of discovery before seeking this apex deposition. Acsel is deposing Campbell's highest ranking officer on May 26, 2016, further undercutting any need to depose Mr. Bell.  Because there is no evidence showing Mr. Bell to have relevant, unique and non-repetitive knowledge regarding Campbell's principal place of business and because Acsel has not exhausted other available discovery methods, the Court should quash the Subpoena.

Indeed, Mr. Bell does not in fact have any relevant, unique and non-repetitive knowledge regarding Campbell's principal place of business.  Mr. Bell estimates that he spends less than 5% of his time on issues involving Campbell.  (Exhibit C, Declaration of Michael Bell, ¶ 5.)  That is not surprising given that inVentiv and its subsidiary companies have more than 14,000 employees worldwide and Campbell, standing alone, only has approximately 249 employees.  (*Id.* ¶¶ 3-4.) More significantly, Mr. Bell is not involved in the routine or day-to-day direction, control and/or coordination of Campbell's business activities and does not have personal knowledge of the manner in which Campbell's business activities are presently directed, controlled and coordinated that is different or greater than the knowledge of Mike Menta and/or Patrick Manhard.  (*Id.* ¶¶ 5, 11.)  And if Mr. Bell had a question on those subjects, he would direct it to Mr. Menta or Mr. Manhard and he would defer to them. (*Id.* ¶ 11.)

**III.  If the Court Does Not Quash the Subpoena Outright, It Should Require That Acsel Complete Its Other Depositions Before Mr. Bell's and Limit Mr. Bell's Deposition Only Any Information Directly Relevant to the Jurisdictional Inquiry that Acsel Has Not Previously Discovered.**

Even if the Court does not quash the Subpoena, it should exercise discretion to require that Acsel proceed with the other depositions it has scheduled prior to deposing Mr. Bell.  y learning information from these other deponents, including Campbell's senior-most officer, Acsel likely will not need Mr. Bell's deposition to present evidence concerning Campbell's principal place of

business. And if for some reason Acsel can at that point demonstrate that Mr. Bell possesses some unique, non-repetitive knowledge on the limited jurisdictional issue confronting the Court, then the Court will be better positioned to establish limits as to time and scope for the deposition at that time. Thus, at a minimum, the Court should enter a protective order postponing Mr. Bell's deposition until after Acsel completes all of the other discovery it intends to take in connection with its motion to remand the California Action to California state court.

## CONCLUSION

For the foregoing reasons, inVentiv Health, Inc. and Michael Bell request that the Court quash the Subpoena or, in the alternative, postponing Mr. Bell's deposition until after Acsel completes all of the other discovery it intends to take to support its motion to remand.

Dated: May 16, 2016

Respectfully submitted,

**iNVENTIV HEALTH, INC.
and MICHAEL BELL**

By: /s/ Steven D. Weatherhead
       One of their attorneys

Steven D. Weatherhead, BBO # 637601
sweatherhead@marbarlaw.com
Marathas Barrow Weatherhead Lent LLP
One Financial Center, 15th Floor
Boston, MA  02111
Telephone: (617) 830-5458

Of Counsel (Pro Hac Vice applications to be filed)

Daniel F. Lanciloti
Joseph L. Fogel
David L. Ter Molen
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 360-6000
Email:

      dlanciloti@freeborn.com
      jfogel@freeborn.com
      dtermolen@freeborn.com

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Subpoena Recipients conferred in good faith, both orally and in writing, with counsel for Acsel Health, LLC  regarding the issues raised in this Motion, but were unable to resolve and/or narrow the issues.

/s/ Steven D. Weatherhead           _
Steven D. Weatherhead

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the date shown below he caused a true copy of the above document and all exhibits thereto was served upon the following attorneys of record via E-mail and Federal Express, next day delivery:

    Sarah R. Nichols
    Thomas McInerney
    Ogletree Deakins Nash Smoak & Stweart, PC
    Stuart Tower, Suite 1300
    One Market Plaza
    San Francisco, California
    Email: sarah.nichols@ogletreedeakins.com
    thomas.mcInerney@ogletreedeakins.com

Dated: May 16, 2016                     /s/ Steven D. Weatherhead
                                          *Attorney for inVentiv Health, Inc.*
                                          *and Michael Bell*